Polsten vs. The State.

---

## W. L. POLSTEN vs. STATE OF MISSOURI.

1. An indictment for arson, charging that the defendant "did set (omitting the word "fire") to and the same house then and there, by the spreading of such fire, did feloniously, wilfully and maliciously burn and consume," is sufficient. The statute of arson declaring that "every person, who shall set fire to or burn," being in the disjunctive, the indictment would have been good, had it contained the second clause only, for burning the house, and the defective attempt to include the first clause, may be rejected as surplusage.

## APPEAL from Cape Girardeau Circuit court.

LACKLAND, for the State.

The first question noticed goes to the sufficiency of the indictment. It alleges that defendant at &c. on &c., in the night time of said day, with force and arms, the house of one John A. Johnson, then and there situate in the county and State aforesaid, feloniously, wilfully and maliciously did set —— to and the same house then and there by the kindling of such fire, did feloniously, wilfully and maliciously burn and consume, contrary, &c.

The court will perceive, if this record is correct, the word *fire* was left out of the former part of this allegation in the indictment.

This is merely a clerical error, and was not raised until raised by the motion in arrest. The objection comes too late after verdict, if it ever could have been well taken. The words contained in the latter part of this allegation are sufficiently comprehensive to embrace the offence. The pleader need not adopt the very words of the statutes.

If the indictment had contained the allegation that defendant feloniously and wilfully set *fire* to the house of Johnson, and the house had been merely charred, this would have been a sufficient burning to constitute the offence. We certainly think, the allegation contained in the part succeeding the omission—that is to say, "and the same house then and there by the kindling of such fire, did feloniously, wilfully and maliciously burn and consume,"—this alleges that the house was not only burnt or charred, but *consumed*.

Where the words used in an indictment are equivalent to, or of more extensive significa-tion than those used in the statute, such words are sufficient.

The words of the statute declared it felony to make fraudulently any coin *in imitation* of the current coin of the State.

Indictment charged the defendant with fraudulently making coin to the *likeness and simili-tude* of the current coin of the State, &c. Held, the indictment was good: Peck vs. State, 2 Hump., 788

The substance of the offence, to a reasonable intendment, is alleged in the indictment.

In general, an indictment need not adopt the very words of the statute; the same substance, to a reasonable intendment, is sufficient: State vs. Little, 1 Venn., 331.

Neither clerical nor grammatical errors will vitiate an indictment unless they obscure the meaning: State vs. Wimberly, 3 McCord, 190.

A variance between the language of the statute creating the offence, and the indictment, will not vitiate the indictment if the words used in the indictment are equivalent to those used in the statute: State vs. Hickman, 3 Halst., 299.

We suppose the indictment is based upon the 7th sec. of art. 3 of the act concerning crimes and their punishments, the operative words of which section are: "Every person which shall set fire to or burn, &c." If there be any difference between setting fire to, and burning a house in the crime of arson, which is not very perceptible to us, the allegation of burning the house mentioned, is fully and clearly laid. No one can contend but that an indictment under this section containing an allegation that defendant did feloniously burn, &c., leaving out the words "set fire to" would be sufficient. The other matter alleged besides that defendant burned the house of Johnson ought to be rejected as surplusage.

This court has decreed that a motion is no part of the record unless made so by being incorporated in the bill of exceptions.

The record in this case contains no bill of exceptions. There is, therefore, no motion in arrest apparent on the record. Nor does the record show that any exception was taken to the ruling of the court below in regard to said motion : 10 Mo., 457, 459.

We perceive nothing objectionable in the instruction given. If there were error committed on the trial, by giving erroneous instruction, that cannot be inquired into by this court, because this court decided that defendant must except to the instructions when given: Floenish vs. B. of Mo., 10 Mo.. 515; and he must move for a new trial, and if the court refuse to grant a new trial exception must be taken: Rhodes vs. White, 11 Mo., 623; 10 Mo. R., 515.

Of a motion to quash an indictment be passed upon by the court, exception must be taken before this court will look into it: 10 Mo., 446. The same rule ought to be applicable to motions in arrest. There was no exception taken to the ruling of the court upon the motion in arrest in this cause. Although a motion is set out by a clerk in the record, that does not make it a part of it: U. S. vs., Gamble & Bates, 10 Mo. R., 459. Therefore there is no motion in arrest, of record in this case.

RYLAND, J., delivered the opinion of the court.

The defendant was indicted by the Grand Jury of Cape Girardeau county, at the November term of the circuit court, eighteen hundred and fifty, for the crime of arson.

He was tried at the same term, and found guilty of arson in the third degree, and sentenced to the State penitentiary for five years, and from this judgment he appeals to this court. The record of the proceedings in the circuit court, contains no bill of exceptions—none of the evidence appears, no motions properly appear on the record.

The only question in the case, arises upon the indictment. The omission to insert the word "fire" as it appears in the above statement.—

the words are "did set —— to and the same house, then and there by the kindling of such fire, did feloniously, wilfully and maliciously burn, and consume, &c."

This is obviously a clerical mistake. The question arises, will the mistake vitiate the indictment?

We are inclined to think it will not—the statute on which the indictment is based declares, that "Every person, who shall set fire to or burn, &c." Here the circuit attorney in attempting to make the charge embraces both clauses of the section, omits the important word in the first clause, "fire," but includes the second clause. The indictment would have been good had it contained the second clause *only*, that is the "burning of the house," and the informal attempt to include the first clause may be rejected as surplusage.

We think the circuit attorney in his argument above set forth, has taken the true and proper view of this subject, and that the law of this case is as he therein asserts it to be.

The judgment is affirmed.